IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeffery Jermaine Dunlap a/k/a JD, | ) | Criminal Action No.: 4:09-cr-00854-RBH-1 |
| | ) | Civil Action No.: 4:11-cv-70082-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Jeffery Jermaine Dunlap, filed his [Docket Entry 332] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") on June 1, 2011.[1] In his § 2255 Motion, Petitioner alleges that his former trial counsel, Lori Murray ("Trial Counsel"), provided ineffective assistance of counsel. *See* § 2255 Motion at 4.

On June 6, 2011, the Government moved for additional time in which to respond to Petitioner's § 2255 Motion. *See* Govt. Motion for Time [Docket Entry 336]. The Government specifically noted in its Motion for Time that Petitioner's allegations of ineffective assistance were matters "primarily outside the record of the case," and further argued that "[i]n order to respond to these allegations, it [would] be necessary for the Government to obtain an affidavit from the Petitioner's trial defense counsel." *Id.* at 1. The Government then "request[ed] that the Court issue an Order requiring that trial defense counsel file an affidavit in response to Petitioner's Motion within 30 days; and that the Government file its response no later than 20 days from the date of receipt of the affidavit . . . ." *Id.* The undersigned granted the Government's Motion for Time on June 7, 2011. *See* June 7 Order [Docket Entry 337].

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

Thereafter, on June 14, 2011,[2] Petitioner filed a motion asking the court "to reconsider its June 7, 2011 Order . . . and to vacate the same." Motion to Reconsider [Docket Entry 339] at 1. Petitioner maintains that he did not have a fair opportunity to respond to the Government's Motion for Time prior to the court granting the motion. *Id.* at 1-2. Petitioner simultaneously filed, on June 14, his [Docket Entry 340] Opposition to the Government's Motion for Time, specifically objecting to the Government's request that Trial Counsel be required to file an affidavit. *See* Petr's. Opp. at 1. On June 24, 2011, the Government filed its [Docket Entry 342] Response in Opposition to the Motion to Reconsider.[3] Finally, on June 29, 2011, Trial Counsel filed her [Docket Entry 343] Motion for Extension of Time to File Affidavit, in which she seeks "an extension of time . . . until the latter of July 11, 2011, or such time as the Court has ruled on Petitioner's Motion for Reconsideration." Counsel's Motion for Extension at 1.

Petitioner argues that the court should deny the Government's request that Trial Counsel file an affidavit on the basis of attorney-client privilege. Further, Petitioner contends that an evidentiary "hearing would be the proper vehicle to address his former counsel's testimony regarding his ineffective assistance claims." Petr's. Opp. at 4. Petitioner relies solely on the American Bar Association's ("ABA") Formal Opinion 10-456. The Government, on the other hand, "moves to compel the ordered affidavit." Govt.'s Resp. at 1. The Government first argues that Petitioner has waived any attorney-client privilege by moving to vacate his conviction on the basis of ineffective assistance of counsel. *Id.* at 2. Second, the Government maintains that ABA Opinion 10-456 is not

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266.

[3] The court notes that, while not docketed as such, the Government's Response includes also a "Motion to Compel Affidavit." Govt's. Resp. at 1. As a matter of fact, the Government seeks "an order compelling defense counsel to submit an affidavit addressing Petitioner's ineffective assistance of counsel claims." *Id.* at 5.

2

binding, and further contends that the court-ordered affidavit "is consistent with the procedure recommended in th[at] ABA Opinion." *Id.* at 5. The undersigned has thoroughly reviewed all of the parties' arguments and finds that Petitioner's Motion to Reconsider should be denied.[4]

Petitioner's only ground for relief listed in his § 2255 Motion is entitled "Ineffective Assistance of Counsel." § 2255 Motion at 4. Moreover, in his [Docket Entry 332-1] Memorandum in Support of his § 2255 Motion, Petitioner specifically alleged the following: (1) that Trial Counsel failed to advise Petitioner of the facts and law regarding his § 851 enhancement, (2) that Trial Counsel failed to advise Petitioner of "the 'crack' cocaine and cocaine disparity arguments that were

---

[4] Petitioner, relying on ABA Opinion 10-456, contends that his Trial Counsel should address the ineffective assistance claims only by way of in-court, live testimony, as opposed to by way of affidavit. This argument is without merit. The Rules Governing § 2255 Proceedings specifically authorize use of affidavits. In a § 2255 action, "the judge may direct the parties to expand the record by submitting additional materials relating to the motion." Rule 7(a) of the Rules Governing § 2255 Proceedings. In expanding the record, the Rules specifically provide that "[a]ffidavits . . . may be submitted and considered as part of the record." Rule 7(b) of the Rules Governing § 2255 Proceedings. Finally, the Rules indicate that the court should consider, among other things, these affidavits and other materials submitted under Rule 7 when determining "whether an evidentiary hearing is warranted." Rule 8(a) of the Rules Governing § 2255 Proceedings. Accordingly, the court finds that a review of the Rules Governing § 2255 Proceedings reveals that affidavits are an appropriate method of expanding the record in § 2255 actions.

While the court recognizes that ABA Opinion 10-456, cited by Petitioner, suggests that an attorney should not be permitted to disclose information pertaining to a former client's ineffective assistance claims outside of formal, court-supervised proceedings such as hearings, the court finds Petitioner's reliance on this Opinion to be misplaced and unpersuasive. First and foremost, ABA opinions are not binding authority on this court. *See Employer's Reinsurance Corp. v. Clarendon Nat. Ins. Co.*, 213 F.R.D. 422, 430 (D. Kan. 2003) ("This ABA opinion is not binding on this court."); *Mustang Enters., Inc. v. Plug-In Storage Sys., Inc.*, 874 F. Supp. 881, 888 n.7 (N.D. Ill. 1995) ("This Court of course recognizes that ABA Formal Opinions are not binding authority . . . ."). Second, other district courts presented with this ABA Opinion have refused to require live, on-the-record, testimony by the defendant's former trial counsel. *See*, *e.g.*, *Giordano v. United States*, No. 3:11cv9, 2011 WL 1831578, at *3 (D. Conn. March 17, 2011) ("As far as this Court is aware, no federal court has ever required that . . . a prisoner's former counsel['s disclosure of information] in the context of an ineffective assistance of counsel claim be on-the-record. This Court will not impose such a requirement."). Moreover, this court has ordered Trial Counsel to *file* an affidavit addressing Petitioner's ineffective assistance claims, and this ordered-filing brings the affidavit and disclosure within the court's supervision, which appears to be consistent with ABA Opinion 10-456. Finally, as importantly noted above, the Rules Governing § 2255 Proceedings specifically authorize affidavits as a method to expand the record in § 2255 actions. Therefore, if Petitioner ultimately elects to proceed with his pending § 2255 Motion, Trial Counsel will be required to file an affidavit with the court addressing Petitioner's ineffective assistance claims.

being advocated by attorneys . . . at the time," (3) that Trial Counsel failed to discuss with Petitioner the factual allegations in his presentence investigation report ("PSR") and failed to object to the same, (4) that Trial Counsel failed to advise Petitioner of his right to file a direct appeal, and (5) that Trial Counsel improperly informed Petitioner that her duty to represent him terminated after sentencing. *See* Petr's. Memo. in Supp. at 3-4. Upon review, the court notes that all of these claims relate solely to Trial Counsel's allegedly ineffective assistance of counsel, thereby necessarily implicating communications made between Petitioner and Trial Counsel.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *see also United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009) ("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications."); *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance[.]"); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) ("By alleging that his attorneys provided ineffective assistance of counsel . . . , Johnson put at issue–and thereby waived–any privilege that might [have] appl[ied] to the contents of his conversations with those attorneys . . . ."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("[Attorney-Client] privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."). In *Pinson*, the Tenth Circuit

recently put it as follows: "Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim." *Pinson*, 584 F.3d at 978. Even the ABA Opinion cited by Petitioner recognizes this longstanding precedent, noting in a footnote that "[a] client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention." *See* ABA Standing Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 at 2 n.9 (2010) (quoting RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 80(1)(b) & cmt. c (2000)). Accordingly, by bringing this § 2255 action based on claims of ineffective assistance of counsel, Petitioner waived his attorney-client privilege with respect to the communications at issue with his allegedly ineffective Trial Counsel.[5]

However, based on the fact Petitioner has raised arguments regarding attorney-client privilege, the court is concerned that he may not have understood that by filing a § 2255 motion alleging ineffective assistance of counsel, he has waived the privilege as it relates to those ineffective assistance claims. Therefore, the court notifies Petitioner that he has two choices to consider in this matter and should choose the one that he finds acceptable to him.

First ("Option 1"), Petitioner may choose to withdraw or voluntarily dismiss his pending § 2255 Motion. This would close the case and preserve Petitioner's attorney-client privilege, and he will be able to keep all the communications between himself and Trial Counsel secret. Petitioner should be aware, however, that withdrawing the pending § 2255 motion *may* foreclose his ability to

---

[5] The court does note that this waiver must be "no broader than needed to ensure the fairness of the proceedings before" the court. *Bittaker*, 331 F.3d at 720.

5

pursue these same claims at a later date as it is a possibility that a future § 2255 could be considered untimely or successive in nature. *See* 28 U.S.C. § 2255(f) & (h).

Second ("Option 2"), Petitioner may proceed with his § 2255 Motion and waive his attorney-client privilege as to the claims of ineffective assistance raised in his Motion and Memorandum. If Petitioner chooses this option, Trial Counsel will be required to respond in an affidavit to each of the allegations concerning her alleged ineffectiveness and, if an evidentiary hearing is necessary, Trial Counsel may be called to testify concerning those same matters.

Petitioner shall notify the court in writing by **Friday, July 29, 2011**, which option he will pursue, and the court will then proceed accordingly. Until receipt of Petitioner's choice, the Government's time to respond and Trial Counsel's deadline for filing an affidavit are held in abeyance. The court will instruct the Government and Trial Counsel how to proceed after it receives Petitioner's response to this Order.

## Conclusion

The court has thoroughly reviewed the parties' arguments, the entire record, and the applicable law. For the reasons stated above, Petitioner's Motion to Reconsider is **DENIED** and Respondent's Motion for Time to File Affidavit is **GRANTED**. It is therefore **ORDERED** that Petitioner shall file, on or before Friday, July 29, 2011, a notice stating whether he intends to proceed under Option 1 or Option 2, as discussed above. Until further notice by the court, the Government's time to respond and Trial Counsel's deadline for filing an affidavit are held in abeyance.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 12, 2011