IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeffery Jermaine Dunlap, | ) | Civil Action No.: 4:11-cv-70082-RBH |
| | ) | Criminal No.: 4:09-cr-00854-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Jeffrey Jermaine Dunlap's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## Procedural History and Factual Background

On July 28, 2009, a federal grand jury returned a four-count indictment against Petitioner, charging him with conspiracy to possess with intent to distribute crack cocaine and cocaine. On January 7, 2010, Petitioner plead guilty to conspiracy to possess with intent to distribute crack cocaine, and on June 3, 2010, this Court sentenced Petitioner to 240 months imprisonment. Petitioner did not file a direct appeal, and on June 2, 2010, filed a waiver of his appellate rights.

On June 2, 2011, Petitioner filed the instant Motion to Vacate alleging that his counsel was ineffective. On August 19, 2011, the Government filed a Motion for Summary Judgment, alleging that Petitioner's Motion was without merit. An order filed that same day, pursuant to *Roseboro v. Garrison,*

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner timely filed a Response in Opposition.

## **Applicable Law**[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible,

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

2

or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### **Grounds for Petition**

Petitioner's Motion to Vacate alleges a single ground of ineffective assistance of counsel. However, within that single ground, Petitioner makes the following arguments in alleging his counsel's ineffectiveness: (1) counsel advised him that he could face mandatory life imprisonment based on his prior drug convictions; (2) counsel allegedly did not advise him of arguments related to the crack to powder cocaine disparity; (3) counsel allegedly failed to lodge objections to the Presentence Report's ("PSR's") calculations of his criminal history and offense level; (4) counsel allegedly failed to advise him of his right to appeal; and (5) counsel informed Petitioner that her representation of him ceased after sentencing. [*See* Mot. To Vacate, Doc. # 332, at 4, 3–7.]

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

Having throughly reviewed Petitioner's Motion to Vacate, the Court denied the Motion for the reasons discussed below.

## I.     Mandatory Life

Petitioner's first argument is that his counsel acted inappropriately by advising Petitioner that he could face mandatory life imprisonment based on his prior drug convictions.

As reflected in the PSR, Petitioner had two prior qualifying drug offenses for possession of crack cocaine and possession with intent to distribute marijuana. [*See* PSR, Doc. # 278, at ¶¶ 75–76 (sealed for court use only).] Under 21 U.S.C. § 841(b)(1)(A), as it existed during Petitioner's guilty

plea and sentencing, the mandatory minimum sentence was life imprisonment if the defendant had sustained two or more prior felony drug convictions. *See also United States v. Evans*, 462 Fed. App'x 315, 317 (4th Cir. 2012). A felony drug offense is defined in part as an "offense punishable by imprisonment for more than one year under any law . . . of a State." 21 U.S.C. § 802(44). Petitioner contends that because these two offenses were consolidated for sentencing in state court that he could not have faced mandatory life imprisonment. Petitioner does not challenge the Government's assertion, supported by the PSR, that the drug offenses, while consolidated for sentencing, occurred on separate dates and were separated by an intervening arrest.

Thus, although the Government did not elect to notice Petitioner under 21 U.S.C. § 851 that he could face mandatory life imprisonment based on these offenses, they would have been able to seek such an enhancement. As the Fourth Circuit has explained:

> In *United States v. Blackwood*, 913 F.2d 139 (4th Cir.1990), we held that to be considered "separate convictions," offenses "should have occurred on occasions 'distinct in time.' " *Id*. at 147 (citation omitted). Other circuits have adopted the Blackwood approach. For example the Eleventh Circuit in *United States v. Rice*, 43 F.3d 601, 608 (11th Cir.1995), held that "convictions which occur on different occasions or are otherwise distinct in time may be considered separate offenses under section 841(b)(1)(A)."

*United States v. Carroll*, 112 F.3d 510 (4th Cir. 1997). Given the Government's ability to seek a life sentence, it was not objectively unreasonable or prejudicial for defense counsel to advise Petitioner that the Government could seek mandatory life imprisonment based on his prior convictions.

## II.   **Crack to Powder Disparity**

Petitioner alleges that his counsel was ineffective for not raising the crack to powder cocaine disparity at his sentencing. Petitioner attempts to invoke the Fair Sentencing Act ("FSA") of 2010, Pub. L. 111–120, 124 Stat. 2372, which reduced sentencing disparities between crack and power cocaine. However, Petitioner's argument fails.

In *Dorsey v. United States*, 132 S.Ct. 2321 (2012), the Supreme Court held the more lenient penalties of the FSA, which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. However, Petitioner was sentenced on June 3, 2010, several months *before* the FSA was enacted into law. Thus, the amended FSA is not applicable to Petitioner and certainly his counsel could not have been ineffective for failing to raise this issue prior to the FSA even being amended. *See, e.g.*, *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013) (explaining that under *Dorsey*, the FSA applies retroactively where a defendant was sentenced after that statute's enactment); *United States v. Sturdivant*, 492 Fed. App'x 433, 434 (4th Cir. 2012) ("[T]he FSA's 'more lenient penalties' apply retroactively to crack cocaine offenders . . . who committed their crimes before passage of the FSA, but who were sentenced after its August 3, 2010 effective date."); *United States v. Lowe*, No. 11–3382, 2012 WL 4714894, at *1 (10th Cir. Oct. 4, 2012) ("[T]he FSA is inapplicable to [the defendant] because he was sentenced well before the Act's effective date."); *see also United States v. McNamara*, 74 F.3d 514, 516–17 (4th Cir. 1996) (holding that an attorney is not constitutionally ineffective for failing to anticipate a new rule of law).[3]

Petitioner thus faced a mandatory minimum sentence of 20 years based on his offense of conviction and his prior drug offenses.

### III.    PSR Review

Petitioner next alleges that his counsel did not review the PSR with him and failed to make factual objections to the PSR. Contrary to Petitioner's allegation, defense counsel swears that she met with Petitioner on March 10, 2010 to review each page of the PSR with Petitioner. [*See* Aff. of Lori S. Murry, Doc. # 354, at ¶ 19.] Further, during his sentencing hearing the Court specifically asked if

---

[3] The Court also notes that Petitioner entered into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which this Court accepted, wherein the parties agreed to a sentence of twenty years. [*See* Sentencing Tr., Doc. # 329, at 6:6–24.]

6

counsel had reviewed the PSR with Petitioner, and the Court took the added step of specifically pointing out to Petitioner the section of the PSR that referenced the prior drug conviction that made him eligible for a twenty-year minimum sentence. [*See* Sentencing Tr., Doc. # 329, at 5:19–6:5.]

>   THE COURT: -- You do agree that you had that prior conviction; is that correct?
>
>   DEFENDANT DUNLAP: Yes, sir.
>
>   THE COURT: Do you understand that if you disagree that now would be the time to challenge it? You cannot do it after I have sentenced you. Do you understand that? Do you understand that?
>
>   DEFENDANT DUNLAP: Yes, sir.
>
>   THE COURT: And you do agree that you had that prior conviction; is that correct?
>
>   DEFENDANT DUNLAP: Yes, sir.

[*Id.*]

Petitioner was therefore fully apprised of the PSR, and defense counsel's conduct was reasonable. Moreover, Petitioner is unable to show any prejudice resulting from defense counsel's conduct. Because defense counsel negotiated a plea for Petitioner to the mandatory minimum sentence of twenty years, no objections to the PSR could have resulted in a lower sentence for Petitioner. Any allegations of errors in the PSR regarding the offense level or the criminal history points would not have effected on Petitioner's ultimate sentence.

## IV. Appeal

Petitioner also alleges that defense counsel failed to advise him of his right to appeal. Petitioner's allegation is without merit.

First, defense counsel swears that she did review with Petitioner his right to appeal. [*See* Aff. of Lori S. Murry, Doc. # 354, at ¶ 25.]

Second, this Court specifically instructed Petitioner that, should he so desire, he could appeal his sentence. [*See* Sentencing Tr., Doc. # 329, at 9:18–25.] Further, on June 2, 2010, at the direction

of this Court, Petitioner filed a signed document with this Court indicating he had been notified of his right to appeal and that he did not wish to appeal. [*See* Waiver, Doc. # 277.][4] Petitioner was plainly advised of his right to appeal, and the uncontroverted evidence shows that Petitioner did not direct his attorney to file an appeal. *See Barker v. United States*, 7 F.3d 629, 633–34 (7th Cir. 1993) (finding no ineffective assistance because any prejudice caused by counsel's misinformation was cured by district court's thorough examination of defendant at guilty hearing dispelling any confusion on defendant's part).

## V.     **Duty of Representation**

In Petitioner's final allegation regarding his defense counsel, he claims that his attorney should have continued to represent him after his criminal case was closed. Defense counsel represented Petitioner aptly throughout the criminal process up to and including the filing of Petitioner's waiver of appeal. Shortly thereafter the criminal case was closed and defense counsel ceased active representation of Petitioner.

Defense counsel did not act unreasonably in her actions after the case had closed. Once Petitioner's trial proceedings had concluded, and his time for appeal had expired, his right to an attorney had ended, and defense counsel no longer had a duty to represent Petitioner. *See United States v. Brown*, No. 12–7713, 2012 WL 6604898, at *1 (4th Cir. Dec. 19, 2012) ("Nor, in any event, does a habeas petitioner have any constitutional right to be represented by counsel in his collateral attack." (citing *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003))).

Further, Petitioner points to no prejudice caused by defense counsel in this regard. *See Strickland*, 466 U.S. at 686. In fact, as an attachment to his own Motion to Vacate, Petitioner attached

---

[4] The Court notes that Petitioner's plea agreement also contained an express written waiver of appellate rights.

a letter wherein defense counsel, after informing Petitioner she no longer represented him, referred him to the Clerk of Court so that he might obtain certain documents. [Counsel Ltr., Doc. # 332-3.]

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 355] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [Doc. # 332] is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
April 16, 2013